People ex rel. Fidelity & Casualty Co. *v.* Joslin.    405

App. Div.]        Third Department, June, 1919.

---

The People of the State of New York ex rel. The Fidelity and Casualty Company of New York, Respondent, *v.* Edwin W. Joslin, as Mayor of the City of Watervliet; Joseph G. Connors, Commissioner of Accounts of the City of Watervliet, and Charles F. Polk, Chamberlain of the City of Watervliet, Appellants.

Third Department, June 30, 1919.

Municipal corporations — city of Watervliet — mandamus to compel city officers to pay balance due on contract for building water works — effect of final estimate of city engineers — certification by water board to common council of amount necessary to pay for system as fixing relator's right to money — monthly and final estimates as binding water board to pay amount due — revised charter depriving water board of power to audit — action of board thereafter as having effect of audit — failure of water board to approve relator's claim and failure to present claim to commissioner of accounts — city officers can be compelled by mandamus to perform only duties provided by present charter.

The relator constructed a certain portion of the water works of the city of Watervliet under a contract which carried a penalty of $50 per day for each day's delay in completing the contract at the time specified. There was considerable delay and the city water board passed a resolution that the amount of the penalty be deducted from any sums due the contractor. The contract provided that the engineers of the water board should prepare monthly estimates and certificates for work done and material furnished and should prepare the final estimate for the water board upon the completion of the contract. The final estimate showed a balance in favor of the relator of $12,335.55 and contained the statement that it did not include "claims that may be presented by Watervliet Water Board direct," but it did not contain any reference to the damages due the city because of the delay. Later the water board certified to the common council various amounts necessary for the payment of the water works system, including the balance in favor of the relator. Among the items on the ballots at the election to procure the assent of the taxpayers to a bond issue was that of the balance due to the relator, but this item was not

406   People ex rel. Fidelity & Casualty Co. *v.* Joslin.

Third Department, June, 1919.          [Vol. 188.

voted upon separately. The city charter having been changed after the contract was signed the proceeds of the bonds were paid to the city chamberlain instead of to the water board.   Later the water board adopted a resolution demanding of the relator the balance claimed to be due for delay in fulfilling the contract, over and above the balance in favor of the relator according to the final estimate.                     •

On an appeal from an order granting a peremptory mandamus requiring the officers of the city to pay the relator the balance in his favor, according to the estimate, *held,* that the final estimate, though considered final and conclusive, was only so as to matters included within the estimate, and as it expressly excluded " claims that may be presented by Watervliet Water Board direct," it did not include the counterclaim of the city for damages for delay.

The fact that the water board set in motion the machinery of the city and raised money, part of which was expressly applicable to the payment of the relator's claim, was a matter between the water board and the city and did not fix the relator's right to the money raised.

The provisions of the contract providing for a monthly estimate and for a final estimate were for the benefit of the board to guide it in making payments to the relator, and the fact that money might have come into its hands applicable to such payment would not have required an unlawful payment to be made.   The relator is in no better position because the money, by virtue of the revised charter, came into the hands of the city chamberlain, as the funds in his hands applicable to the payment of the relator's claim gives the latter no title thereto unless it can otherwise justify such title.

At the time the water board certified to the common council the amount necessary to pay for the water works, including the relator's claim, the new charter was in force which took from the water board the power to audit accounts and pay the same; therefore, nothing which the water board did then or subsequently, had the effect of an audit.

Under the revised charter claims of the character in question must be approved by the water board and presented to the commissioner of accounts and audited, and the fact that the water board withheld its approval is fatal to the relator's right to a writ of mandamus.

If what occurred prior to the taking effect of the charter amounted to an audit thereof not reviewable by the commissioner of accounts, still the claim should have been presented to the commissioner for him to determine whether there had been such an audit and that it was thereby a lawful claim against the city.

Because, therefore, the claim had the approval neither of the water board nor of the commissioner of accounts and had not been presented to the latter officer for his consideration, the writ should not have been issued.

Although the claim became due before the revised charter went into effect, the relator can in a proceeding for mandamus only require the city officials to do what their duty requires, and they have no right to make the payment except in conformity with the charter now in force.

APPEAL by the defendants, Edwin W. Joslin and others, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 18th day of February, 1919, granting a peremptory writ of mandamus herein.

Under chapter 428 of the Laws of 1914 the relator made a contract with the Watervliet water board for the construction of some portion of the water works system of the city of Watervliet.

The said contract was completed in November, 1917. The work was accepted by the city and the water works system is being used.

The completion of the contract by the relator was delayed many months beyond the period fixed for such completion and according to the terms of the contract the agreed liquidated damages by reason of such delay payable to the city of Watervliet was fifty dollars per day.

In December, 1917, the water board passed a resolution that fifty dollars for each day that the contractor was in default in the completion of the work be charged against the contractor according to the provisions of the contract " and that said amount be deducted from any sums which may be due to the said contractor and in case the amount due said contractor shall be insufficient to meet the amount of said damages " that the city be reimbursed for the difference. It does not appear that the relator had notice of this resolution.

The contract provided that the engineers of the water board should prepare monthly estimates and certificates for work done and material furnished and should prepare " the final estimate and engineers' certificate for said Water Board upon the completion of said contract and the final acceptance of the work." In May, 1918, the engineers of the water board prepared what is spoken of as a " final estimate " in which numerous items and charges in favor of the relator and also of the city were included which estimate showed a balance in favor of the relator of $12,335.55. This estimate, however, contained the statement that it did not include " claims that may be presented by Watervliet Water Board direct." It did not contain any reference to the damages due the city because of delay in the completion of the contract.

Third Department, June, 1919.        [Vol. 188.

In July, 1918, the water board certified to the common council various amounts necessary for the payment of the construction of the water works system including the said balance in favor of the relator in the estimate of the engineers of the water board. The common council proceeded to bond the city for $175,000, first procuring the assent of the taxpayers at a taxpayers' election duly called on July 29, 1918. At such election the ballots contained the various items making up the said sum of $175,000 and included in such items was the following: " Amount due Fidelity & Casualty pursuant to final estimate $12,335.55." This item, however, was not voted on separately but was included in a total amount of $130,000 which was adopted by the voters as a single proposition. The proceeds of the bonds were paid, not to the treasurer of the water board as required by section 8 of chapter 428 of the Laws of 1914 (as amd. by Laws of 1915, chap. 131), but to the city chamberlain because the charter of the city of Watervliet was revised by chapter 462 of the Laws of 1918, which became effective May 6, 1918, and the revised charter (§§ 95, 96) made the city chamberlain the custodian of such proceeds.

In December, 1918, the water board adopted a resolution demanding of the relator the balance claimed to be due the city for its damages for delay in the fulfillment of the contract over and above the said balance of $12,335.55 in favor of the relator according to said estimate.

The order appealed from requires the mayor, commissioner of accounts and chamberlain of the city to pay the relator the said sum of $12,335.55.

*Chester Wood, Corporation Counsel,* for the appellants.

*Ainsworth, Carlisle & Sullivan* [*Charles B. Sullivan* of counsel], for the respondent.

Cochrane, J.:

It must be assumed in this proceeding that the city had a claim as alleged against the relator because of its delay in the performance of its contract and that the relator was aware of its liability in that respect. It knew of the delay and it knew the provisions of its contract.

Assuming as contended by the relator that the estimate of the engineers of the water board was final and conclusive it was only so as to matters included within the estimate.    It did not on its face purport to include all matters between the parties but expressly excluded " claims that may be presented by Watervliet Water Board direct."    The counterclaim of the city was not within the estimate.

The fact that the water board set in motion the machinery of the city and raised money part of which was expressly applicable to the payment of the relator's claim does not aid the relator.    That was a matter between the water board and the city.    It was for the purpose of raising funds to pay for the construction of the water works system.    Section 8 of chapter 428 of the Laws of 1914 (as amd. by Laws of 1915, chap. 131) provided that such payment should be made from the proceeds of bonds to be issued by the city for the purpose and that the water board should be the custodian of the proceeds of such bonds and should have control of the funds thus created and make payments therefrom.    If it had not been for the amendment of the city charter payment of the relator's claim would have been a matter exclusively within the control and authority of the water board.    Clearly in such case the relator would have no greater claim to the proceeds of the bonds authorized July 29, 1918, than it would to money which might have remained in the hands of the water board from previous bond issues.    Unless the claim of relator would have been enforcible against money in the possession of the water board from former bond issues it would not be enforcible against the proceeds of the new bond issue.    There had been nothing in the previous relations between that board and the relator to prevent the board from refusing payment to the relator if there was a valid offset in favor of the city.    The provision in the relator's contract providing for monthly estimates and for a final estimate by the engineers of the water board were for the benefit of the board to guide it in making payments to the relator.    The board was the body charged with the duty of determining whether payment should be made to the relator.    The fact that money might have come into its hands applicable to such payment would not have required an unlawful payment to be made.    The relator

is in no better position because the money instead of being in the hands of the water board is in . the hands of the city chamberlain. A fund in his hands applicable to the payment of the relator's claim gives the latter no title thereto unless it can otherwise justify such title.

Furthermore when in July, 1918, the water board certified to the common council the amount necessary to pay the relator's claim the new charter was in force which (§ 129) took from the water board the power " to audit accounts and pay the same " and (§ 97) made the commissioner of accounts the auditing officer. Nothing which the water board did then or subsequently had the effect of an audit because that board then had no auditing power and as we have seen the board had previously done nothing to conclude the city except through its engineers to make an estimate which did not include the city's counterclaim.

But there is still another objection to the proceeding. As stated the money which the relator seeks is in the hands of the city chamberlain under the revised charter. Section 97 of that act provides that a claim of the character in question shall not be paid unless it is first " approved by the head of the department or office whose action gave rise or origin to the claim " and " shall have been presented to the commissioner of accounts, and shall have been audited and allowed by him." Section 129 of the new charter continues the water board in existence with certain limitations. The effect of these statutory provisions very clearly is to prevent the payment of any claim of the nature of the one in question except with the concurrence of the commissioner of accounts and " the head of the department or office whose action gave rise or origin to the claim," in this case the water board. That board in December, 1918, expressly by resolution withheld its approval. And if it be true as claimed by the relator that what had previously occurred in reference to the claim amounted to an audit or determination thereof not reviewable by the commissioner of accounts it is also true that the claim should have been presented to that officer, not for the purpose of having him review an audit previously made, but that he might determine whether there had been such an audit and that it was thereby a lawful claim against the city. Because,

therefore, the claim had the approval neither of the water board nor of the commissioner of accounts and had not been presented to the latter officer for his consideration the writ should not have been issued. The water board is not a party to this proceeding.

The relator urges that the revised charter went into effect after its claim became due and that, therefore, it need not comply with those provisions. The answer to that argument is that the relator is seeking money in the hands of the chamberlain under the revised charter and cannot avail itself of some of the provisions of that act without complying with all of its requirements. The relator is asserting an extraordinary remedy. It can in this proceeding only require the city officials to do what their duty requires. And they have no right to make the payment in question except in conformity with the requirements of the charter.

The final order should be reversed, with costs, and the proceeding dismissed, with fifty dollars costs and disbursements.

All concurred.

Final order reversed, with costs, and proceeding dismissed, with fifty dollars costs and disbursements.